**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4590

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK T. LAMBERT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:18-cr-00012-TDC-1)

Submitted:  June 14, 2022                       Decided:  July 21, 2022

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William M. Sullivan, Thomas C. Hill, PILLSBURY WINTHROP SHAW PITTMAN LLP, Washington, D.C., for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Acting Deputy Assistant Attorney General, Sangita K. Rao, Senior Counsel, Appellate Section, Derek J. Ettinger, Assistant Chief, Vanessa A. Sisti, Assistant Chief, Fraud Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C; Erek L. Barron, United States Attorney, David I. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mark T. Lambert of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and to commit wire fraud, in violation of 18 U.S.C. § 371; four counts of violating the FCPA, 15 U.S.C. § 78dd-2; and two counts of wire fraud, in violation of 18 U.S.C. § 1343. The charges arose from a bribery scheme in which Lambert and his coconspirators, all executives at Transport Logistics International, Inc. ("TLI"), inflated price quotes they submitted to TENEX, a company indirectly owned and controlled by the Russian government. The prices were padded to cover the cost of kickbacks—five to seven percent of the contract price—paid to a TENEX subsidiary employee, Vadim Mikerin, for his influence to help TLI secure and retain business with TENEX. The district court sentenced Lambert to 48 months' imprisonment. On appeal, Lambert contends that the district court erroneously excluded hearsay evidence, improperly provided an *Allen*[1] charge to the jury, improperly denied his motions for a mistrial, and incorrectly denied his motion for a judgment of acquittal on his wire fraud convictions. Finding no reversible error, we affirm.

I.

Lambert challenges the district court's exclusion of two exhibits containing hearsay that he claims were admissible under various Federal Rules of Evidence. First, Lambert argues the exhibits, Exhibits 263 and 264, were admissible under Fed. R. Evid. 803(3). We review this claim for plain error because Lambert abandoned his argument regarding

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

2

Exhibit 263 at trial and, regarding Exhibit 264, does not raise on appeal the argument he presented in the district court. *United States v. Zayyad*, 741 F.3d 452, 458-59 (4th Cir. 2014); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (providing standard).

We discern no plain error in the exclusion of the exhibits under Rule 803(3). The portions of the exhibits Lambert believed relevant to his case were emails between another coconspirator and Mikerin. At trial, Lambert asserted the emails evinced the coconspirator's state of mind, yet the district court determined that the emails referred to past conduct, not a "motive, intent, or plan" as required by the Rule. On appeal, Lambert asserts the emails showed the surprise of the Government's key witness in the case, a coconspirator named Daren Condrey. However, the emails on which Lambert relies do not contain a statement by Condrey, and Rule 803(3) requires a statement by the declarant. *See Phx. Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 567 (4th Cir. 1994).

Second, Lambert argues that the exhibits were admissible under Fed. R. Evid. 804(b)(3). He only contests the admission of language from Exhibit 264 and, therefore, has waived appellate review of the admissibility of Exhibit 263 under Rule 804(b)(3). *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017). We review the district court's ruling on Exhibit 264 for abuse of discretion. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018).

The district court did not abuse its discretion in finding Rule 804(b)(3) inapplicable to Exhibit 264. The court determined, viewing the challenged statement in context, *see Williamson v. United States,* 512 U.S. 594, 603 (1994), that the statements Lambert identified in the emails, which were allegedly against the declarant's penal interest, did not

3

actually admit to any criminal activity, either explicitly or implicitly. Further, the only corroborating evidence Lambert provided for the statements in the emails was from Exhibit 263, and Exhibit 263 did not clarify how Exhibit 264 was inculpatory.

Third, Lambert argues that the exhibits were admissible under Fed. R. Evid. 807. Lambert argues the exhibits demonstrate when Condrey first learned of the bribery scheme, contradicting Condrey's testimony at trial. However, Lambert extensively cross-examined Condrey and relied on several other documents undermining Condrey's credibility on that very issue. Further, the ambiguity of the emails lessened their probative value. Therefore, the district court did not abuse its discretion by declining to admit the exhibits under Rule 807. *See Burfoot*, 899 F.3d at 340.

In sum, we discern no error, plain or otherwise, in the district court's exclusion of the two exhibits Lambert offered at trial and whose exclusion he appeals.

## II.

Lambert argues that the district court abused its discretion by denying his motions for a mistrial and by providing an *Allen* charge to the jury. He argues that a mistrial was appropriate because the jury, on two occasions, told the court it could not reach a unanimous verdict. Further, Lambert argues the *Allen* charge was coercive because it signaled to a juror in the minority that the court would not accept failure in reaching unanimity. We review the denial of a defendant's motion for a mistrial for abuse of discretion, and the district court's decision "will be disturbed only under the most extraordinary of circumstances." *United States v. Recio*, 884 F.3d 230, 239 (4th Cir. 2018)

4

(internal quotation marks omitted). Abuse of discretion is also the standard of review for the issuance and content of an *Allen* charge. *Id.*

An *Allen* charge must be "fair, neutral, and balanced." *United States v. Farrell*, 921 F.3d 116, 146 (4th Cir. 2019) (cleaned up). Based on the concern that the instruction to the jurors in the minority may be coercive, "we have strongly recommended that any *Allen* charge address all jurors, both in the minority and in the majority, to give equal consideration to each other's views." *United States v. Hylton*, 349 F.3d 781, 788 (4th Cir. 2003) (internal quotation marks omitted). "The most egregious mistake that can be made in the context of an *Allen* charge is for a district court to suggest, in any way, that jurors surrender their conscientious convictions." *United States v. Cropp*, 127 F.3d 354, 360 (4th Cir. 1997) (internal quotation marks omitted). The charge "must not coerce one side or the other of a divided jury into changing its position for the sake of unanimity." *Farrell*, 921 F.3d at 146 (internal quotation marks omitted).

The district court did not abuse its discretion in denying Lambert's motions for a mistrial or in providing the *Allen* charge based on the length of the trial, the complexity of the case, and the jury's requests for clarification throughout the deliberation process. The court's *Allen* charge explicitly instructed jurors—both those in the majority and those in the minority—not to abandon their convictions to reach a unanimous verdict. *See United States v. Sawyers*, 423 F.2d 1335, 1340 (4th Cir. 1970) (rejecting challenge to content of *Allen* charge, which "emphasiz[ed] that no juror should surrender his or her conscientious convictions"). None of the language Lambert specifically challenges on appeal amounts to a coercive *Allen* charge. Further, after hearing the *Allen* charge, the jury deliberated for

5

two more days and submitted additional questions to the court about testimony heard at trial. *See United States v. Cornell*, 780 F.3d 616, 627 (4th Cir. 2015) (concluding that jury instruction was not coercive when jury deliberated for three hours after the *Allen* charge before reaching a verdict). Finally, the jury rendered a split verdict, acquitting Lambert of three FCPA counts and one count of money laundering, "supporting the proposition that the verdict came from a thoughtful and deliberate jury—not one acting under an impulse of coercion." *Farrell*, 921 F.3d at 147 (considering the fact that the jury acquitted the defendant on two of the charges to conclude the jury was not coerced). Our review of the record also does not reveal the extraordinary circumstances required to disturb the court's denial of Lambert's motions for a mistrial. *See Recio*, 884 F.3d at 239. We therefore conclude that the *Allen* charge was not coercive and that the court did not abuse its discretion by denying Lambert's motions for a mistrial.

### III.

Finally, Lambert argues that the district court erred in denying his motion for judgment of acquittal on two counts of wire fraud. He challenges the Government's proof of a scheme to defraud, alleging that the evidence was insufficient to show he made a material misrepresentation or that TENEX was harmed. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt

beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To secure the wire fraud convictions, the Government had to prove that Lambert knowingly participated in a scheme to defraud and that he "used or caused the use of wire communications in furtherance of that scheme." *Burfoot*, 899 F.3d at 335. "The scheme 'can be in the form of an assertion of a material falsehood with the intent to deceive or active concealment of a material fact with the intent to deceive.'" *United States v. Landersman*, 886 F.3d 393, 407 (4th Cir. 2018) (quoting *United States v. Pasquantino*, 336 F.3d 321, 333 (4th Cir. 2003) (en banc), *aff'd*, 544 U.S. 349 (2005)). "A fact is material if it has a natural tendency to influence or is capable of influencing the intended victim." *Pasquantino*, 336 F.3d at 333.

The record makes clear that the Government introduced sufficient evidence for the jury to convict Lambert on the wire fraud counts. The evidence established Lambert's "active concealment of a material fact with the intent to deceive." *Landersman*, 886 F.3d at 407. Lambert and his coconspirators quoted and charged TENEX an artificially inflated price in order to cover the costs of bribing Mikerin. They did not indicate to TENEX that the cost of the bribes was included in the price quotes. Lambert and his coconspirators actively concealed the presence of the bribes by using fake invoices, coded language, and

a fictitious email address, and by wiring funds to a company that had no ties to TENEX. The bribes were material because the overall cost of TLI's quotes, inflated due to the presence of the bribes, caused TENEX to request a lower price and, eventually, to contract with a different firm. And, in any event, a five to seven percent increase in overall cost to pay a bribe objectively "has a natural tendency to influence" the decision-making of a for-profit business. Therefore, the district court properly denied Lambert's motion for a judgment of acquittal for his two wire fraud convictions.

IV.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*